**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Cruz,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>N.V. & Sons Builders Incorporated, Nick Vulaj, Nikolla Vulaj, Unknown Vulaj, Ciara Vulaj, and Fila Vulaj,<br><br>　　　　　　Defendants. | No. CV-24-02128-PHX-DJH<br><br>**ORDER** |

Plaintiff Sergio Cruz ("Plaintiff") moves for the entry of default judgement against Defendants N.V. & Sons Builders, Inc., Nick Vulaj, Ciara Vulaj, Nikolla Vulaj, and Fila Vulaj (collectively, "Defendants"). (Doc. 31). The Motion is unopposed, and the time to file a response has passed. *See* LRCiv 7.2(c). For the following reasons, the Court grants Plaintiff's Motion.

**I.     Background**

Defendants Nick Vulaj, Ciara Vulaj, Nikolla Vulaj, and Fila Vulaj are owners of Defendant N.V. § Sons Builders, Inc., a construction company doing business in the Phoenix metropolitan area. (Doc. 18 at ¶¶ 14, 16, 32). Plaintiff began working for Defendants in July of 2024 as a manual laborer performing drywall-related work. (*Id.* at ¶ 33). He was compensated at an hourly rate of $24.00. (*Id.* at ¶ 34). Plaintiff claims that he was misclassified as an independent contractor, when he was actually an employee. (*Id.* at ¶ 36). In support of his employee status, Plaintiff asserts that he, among other things, used equipment owned by Defendants; Defendants had the exclusive right to hire and fire

him; he was hired for a nondurational period; and he had no right to refuse the work Defendants assigned to him. (*See id.* at ¶¶ 38–40).

Plaintiff alleges that he performed 32 hours of work during his final week of employment with Defendants. (*Id.* at ¶ 43). However, Plaintiff claims that he was not compensated for any of this work. (*Id.* at ¶ 46). On August 20, 2024, Plaintiff filed suit against Defendants N.V. & Sons Builders, Inc., Nick Vulaj, Nikolla Vulaj, Jane Doe Vulaj I, and Jane Doe Vulaj II. (*See* Doc. 1). The Complaint alleged claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-363, and Arizona Wage Act ("AWA"), A.R.S. §23-350. (*See generally* Doc. 1).

The Complaint was later amended to reflect the identities of the Jane Doe Defendants—Fila Vulaj and Ciara Vulaj—but the First Amended Complaint otherwise maintained the same FLSA, AMWA, and AWA claims. (*See generally* Doc. 18). The First Amended Complaint was then properly served on all Defendants. (*See* Docs. 23-27). After receiving no answer or responsive pleading, Plaintiff filed an Application for Entry of Default (Doc. 29), prompting the Clerk to enter default against each Defendant on December 19, 2024. (Doc. 30). Plaintiff filed a Motion for Default Judgment on January 6, 2025 (Doc. 31); Defendants did not file a response.

**II.  Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) governs applications for default judgment. The Court possesses discretion whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before analyzing the merits of a motion for default judgment, the Court "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citing *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

If jurisdiction is established, the Court then considers:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the

>possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

### III. Discussion

The Court will first assess whether it has subject matter jurisdiction over the case and personal jurisdiction over Defendants. The Court will then evaluate the merits of Plaintiff's Motion for Default Judgment under the *Eitel* factors.

### A. Jurisdiction

Federal courts have jurisdiction under 28 U.S.C. § 1331 when civil actions arise under the Constitution, laws, or treaties of the United States. Federal courts also have jurisdiction over state law claims when they are so related to claims over which the Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367. Plaintiff brings a FLSA federal law action, giving the Court federal question jurisdiction under 28 U.S.C. § 1331. This lends the Court supplemental jurisdiction over Plaintiff's AMWA and AWA state law claims because they are part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

The Court must now determine whether it has personal jurisdiction over Defendants. "It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Donell v. Keppers*, 835 F. Supp. 2d 871, 876 (S.D. Cal. 2011) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Defendant N.V. & Sons Builders, Inc. is a corporation duly licensed in Arizona and,

at all material times, does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona. (Doc. 18 at ¶ 11). As to the individual Defendants, Plaintiff alleges that they are the owners of Defendant N.V. & Sons Builders, Inc., which operates in the Phoenix Metropolitan Area, and caused the events giving rise to Plaintiff's claims. (*Id.* at ¶¶ 14, 16). Thus, the Court finds that it has personal jurisdiction over Defendants.

### B. *Eitel* Factors

Having found jurisdiction, the Court will assess the *Eitel* factors to determine the merits of Plaintiff's Motion for Default Judgment.

#### 1. Possible Prejudice to Plaintiff

Here, the first factor weighs in favor of granting Plaintiff's Motion because Plaintiff will be prejudiced if this case remains unresolved. The record reflects that Defendants were properly served (Docs. 23–27) but have not responded to this action. If the motion is not granted, Plaintiff "will likely be without other recourse for recovery." *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

#### 2. Merits of Plaintiff's Claim and Sufficiency of the Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The second and third *Eitel* factors favor default judgment when the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978); *Pepsico, Inc.*, 238 F. Supp. 2d at 1175. "Upon entry of default, the facts alleged to establish liability are binding upon the defaulting party." *Danning*, 572 F.2d at 1388. "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Id*.

Plaintiff brings claims for unpaid wages under the FLSA, AMWA, and AWA. The Court will examine each claim in turn.

### a. FLSA Claim

To establish a minimum-wage violation of the FLSA, a plaintiff must establish three elements: (1) they were an employee of Defendants, (2) they were covered under the FLSA, and (3) the defendant failed to pay them minimum wage. *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) (citing 29 U.S.C. §§ 206(a), 207(a)). Here, Plaintiff alleges Defendants violated the FLSA by failing to pay him for his final week of work. (Doc. 18 at 62–63). Plaintiff alleges that he was an employee of the Defendants. (*Id.* at ¶¶ 36–40). In his employment, Plaintiff performed drywall-related work for Defendants. (*Id.* at ¶ 33). Plaintiff also alleges that, at all relevant times, he was a covered employee within the FLSA's meaning and that he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000. (*Id.* at ¶¶ 20, 27–28); *see* 29 U.S.C. § 203(s)(1)(A). Lastly, Plaintiff claims that Defendants are employers under the FLSA. (*Id.* at ¶ 22). Therefore, because the First Amended Complaint's allegations are deemed true upon default, Plaintiff has demonstrated that Defendants violated the FLSA. *See Geddes*, 559 F.2d at 560 (stating that allegations in the complaint, unrelated to damages, are taken as true upon default).

### b. AMWA Claim

To bring an AMWA claim, a plaintiff must demonstrate that they were "(1) employed by the defendant, and (2) the defendant failed to pay minimum wage." *Verduzco v. Value Dental Centers Mesa West AZ LLC*, 2021 WL 4222005, at *2 (D. Ariz. Sept. 16, 2021) (citing A.R.S. § 23-363). Plaintiff alleges that, by failing to pay him any wages for his final week of work, Defendants violated the AWMA. (Doc. 18 at 66–67). Plaintiff alleges that, at all relevant times, he was an employee of the Defendants as defined by the AMWA. (*Id.* at ¶ 24–26). Plaintiff also alleges that he is a covered employee within the meaning of the AMWA. (*Id.* at ¶ 53). Taking the First Amended Complaint's allegations as true, Plaintiff has accordingly demonstrated that Defendants failed to pay him Arizona's mandated minimum wage. (*Id.* at ¶ 66). Thus, Plaintiff has shown that Defendants violated the AWMA.

### c. AWA Claim

The AWA requires "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due to the employees up to that date[.]" A.R.S. § 23-351(C). Unlike the FLSA and the AMWA, the AWA "does not . . . authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021). Accordingly, Plaintiff's AWA claim is only brought against Defendant N.V. & Sons Builders, Inc. To establish his AWA claim, Plaintiff alleges that he is a covered employee for the purposes of the AWA. (Doc. 18 at ¶ 54). He alleges that he completed work for Defendant N.V. & Sons Builders, Inc. and that N.V. & Sons Builders, Inc. failed to pay him his owed wages. (*Id.* at ¶¶ 47, 72). Based on these allegations, Plaintiff has demonstrated that Defendant N.V. & Sons Builders, Inc. violated the AWA.

### 3. Sum of Money at Stake

Regarding the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of a defendant's conduct. *See Pepsico*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006).

Plaintiff seeks the unpaid minimum wages and liquidated damages he is owed under the FLSA and AMWA. He also seeks trebled unpaid wages damages under the AWA. Plaintiff asserts he is entitled to a total of $2,304.00 in damages along with reasonable attorneys' fees. (Doc. 32 at 4–6, 8–10). The Court finds the requested amount is reasonable and proportional to the Defendants' failure to pay wages as required by federal and state law.

### 4. Potential Disputes of Material Fact

There are no disputes of material fact. Defendants were properly served and failed to defend this matter. They did not respond to either the Application for Default or Motion

1  for Default Judgment and consequently did not dispute the claims made therein.  The fifth
2  factor therefore supports entry of default judgment.

### 5. Excusable Neglect

4  The sixth factor, likewise, supports entry of default judgment because there is no
5  evidence that Defendants' default was due to excusable neglect.  Rather, the record reflects
6  that Defendants were properly served and provided ample time to answer.  (Docs. 23–27).
7  They failed to do so.  There is no evidence of excusable neglect for Defendants' failure to
8  defend this case.

### 6. Policy Favoring Decisions on the Merits

10  Finally, the Court considers the public policy that cases should be tried on the merits
11  whenever possible.  *Eitel*, 782 F.2d at 1472.  Rule 55(b), however, indicates that this policy
12  is not absolute.  *PepsiCo, Inc*, 238 F. Supp. 2d. at 1177.  Defendants' failure to defend this
13  matter and abide by Court Orders makes a decision on the merits impossible.  *See e.g.*, *Dr.
14  JKL Ltd.*, 749 F. Supp. 2d at 1051 (finding defendants' "failure to comply with the judicial
15  process makes a decision on the merits likely impossible").  The Court is mindful of the
16  preference for resolving cases on their merits, but such a resolution is not available here.
17  Therefore, the Court finds this factor weighs in favor of granting default judgment.

18  Overall, the Court finds the *Eitel* factors support entry of default judgment in favor
19  of Plaintiff.

### IV.   Damages

21  Because the entry of default judgment is proper, the Court must now determine
22  Plaintiff's damages.  In contrast to the other allegations in a complaint, allegations
23  pertaining to damages are not automatically taken as true.  *TeleVideo Sys., Inc.*, 826 F.2d
24  at 917–18.  "The plaintiff is required to provide evidence of its damages, and the damages
25  sought must not be different in kind or amount from those set forth in the complaint."
26  *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011);
27  Fed. R. Civ. P. 54(c).   "The Court may enter a default judgment without a
28  damages hearing when . . . 'the amount claimed is a liquidated sum or capable of

mathematical calculation.'" *Capitol Specialty Ins. Corp. v. Chaldean LLC*, 2022 WL 2953062, at *6 (D. Ariz. July 26, 2022) (quoting *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013)); *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Here, the First Amended Complaint sought payment of minimum wage and unpaid wages, an additional amount for liquidated damages, interest, as well as an award of attorney fees and costs. (Doc. 18 at 10–14). Plaintiff's Motion for Default Judgment seeks the same damages as initially demanded in the First Amended Complaint. (*Compare* Doc. 18 at 10–14 *with* Doc. 32 at 8–11). Additionally, the requested damages are supported by the Declaration of Plaintiff Sergio Cruz. (Doc. 31-1). *See Doe v. United States*, 2018 WL 2431774, at *8 (D. Ariz. May 30, 2018) ("In determining damages, a court can rely on declarations submitted by the plaintiff[.]") (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal 2003)).

When an employer is found liable under the FLSA for failure to pay minimum and overtime wages, the employee is entitled to "unpaid minimum wages, [] unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Double damages are the norm, and single damages are the exception. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003). Courts shall also allow "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, when an employer is found liable under the AMWA for failure to pay minimum wages, the employee is entitled to "the balance of the wages . . . including interest thereon, and an additional amount equal to twice the underpaid wages . . . . A prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G). When an employer is found liable under the AWA for failure to pay wages, "the employee may recover . . . an amount that is treble the amount of the unpaid wages." *Id.* § 23-355(A).

Plaintiff states that he was not paid wages for 32 hours of work performed for Defendants. (Doc. 31-1 at ¶¶ 8–9). He calculates his unpaid federal minimum wages to be $232.00 ($7.25 multiplied by 32 hrs.) and his total liquidated damages under the FLSA

- 8 -

to be $464.00. Plaintiff calculates his unpaid Arizona minimum wages to be $459.20 ($14.35 multiplied by 32 hrs.). By adding his Arizona minimum wages to an amount equal to twice the underpaid wages, his total liquidated damages under AMWA are $1,377.60. As to his AWA claim, Plaintiff asserts that his wage rate was $24.00 (*Id.* at ¶ 7), his unpaid wages total to $764.00 ($24.00 multiplied by 32 hrs.), and therefore his trebled damages are $2,304.00. Cognizant of potential double recovery, Plaintiff acknowledges that his minimum wage damages under the FLSA and the AMWA are engulfed by his $2,304.00 in AWA damages.

In all, the Court agrees with Plaintiff's damages calculation and finds that the damages are definite and adequately supported by Plaintiff's Declaration. The Court will enter default judgement in the amount of $2,304.00 against N.V. & Sons Builders, Inc., and, of that $2,304.00, Defendants N.V. § Sons Builders, Inc., Nick Vulaj, Ciara Vulaj, Nikolla Vulaj, and Fila Vulaj are jointly and severally liable for $1,377.60 (Plaintiff's AMWA damages). The Court will also award post-judgment interest at the applicable federal rate per 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court") and allow Plaintiff to file a motion for attorney fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Sergio Cruz's Motion for Entry of Default Judgment (Doc. 31) is **GRANTED**. The Clerk of Court is kindly directed to enter judgment under Federal Rule of Civil Procedure 54(b) as follows: judgment in favor of Plaintiff Sergio Cruz in the amount of $926.40 against Defendant N.V. & Sons Builders, Inc., and judgment in favor of Plaintiff in the amount of $1,377.60 against all Defendants N.V. § Sons Builders, Inc., Nick Vulaj, Ciara Vulaj, Nikolla Vulaj, and Fila Vulaj, jointly and severally.

**IT IS FURTHER ORDERED** that Plaintiff is awarded post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. 1961(a).

**IT IS FINALLY ORDERED** that Plaintiff may file a motion for costs and

attorneys' fees within fourteen (14) days of the entry of this Order pursuant to Local Rule of Civil Procedure 54.2.

Dated this 22nd day of September, 2025.

Honorable Diane J. Humetewa
United States District Judge