**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Sergio Cruz,

Plaintiff,

v.

N.V. & Sons Builders Incorporated, et al.,

Defendants.

No. CV-24-02128-PHX-DJH

**ORDER**

Before the Court is Plaintiff Sergio Cruz's ("Cruz") Motion for Award of Attorneys' Fees and Costs (Doc. 35) against Defendants N.V. & Sons Builders, Nick Vulaj, Ciara Vulaj, Nikolla Vulaj, and Fila Vulaj (collectively "Defendants"). Cruz requests attorneys' fees in the amount of $14,605.63 for time spent on this litigation, out-of-pocket costs, and future collection efforts. (Doc. 35 at 6). For reasons outlined below, the Court will grant Cruz's request in part and deny it in part.

## I. Background

On August 20, 2024, Plaintiff filed suit against Defendants alleging that they violated the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act (AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1 at 1.) Plaintiff then filed his First Amended Complaint ("FAC") on November 19, 2024, after this Court's Order telling Plaintiff to file a status update and giving him a deadline in which to file the FAC. (Doc. 17). In his FAC Plaintiff says he learned the real names of individual Defendants and amended his Complaint to reflect this. (Doc. 18). Despite service on the Defendants, they failed to appear, resulting in an Entry of Default. (Doc. 30). And Default Judgment was

entered against Defendants on September 25, 2025. (Doc. 33). Plaintiff then filed the current Motion with a Bill of Costs on September 25, 2025. (Docs. 35 & 36).

**II. Legal Standard**

Under Federal Rule of Civil Procedure 54, a party may file a motion for attorneys' fees within 14 days of the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B); *see also* LRCiv. 54.2. The Motion must detail the grounds under which the movant is entitled to an award, the amount sought, and disclose to the court, if the court orders, the terms of any agreement about fees for services rendered. Fed. R. Civ. P. 54(d)(2)(B). The FLSA and AMWA, the pertinent statutes here, both provide grounds for an award of attorneys' fees. 29 U.S.C. § 216(b); A.R.S. § 23-364(G). The FLSA provides that when an employer fails to pay an employee's wages as required under 29 U.S.C. § 206, "[t]he court in such an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, the AMWA states that if an "employer . . . fails to pay the wages . . . required under this article," the "prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G). A party who prevails on a default judgment is most certainly considered a prevailing party for purposes of an attorneys' fees motion. *See G&G Closed Cir. Events LLC v. Carbajal*, 2020 WL 6699485, at *1 (D. Ariz. Nov. 13, 2020) ("Parties prevailing on default judgment are still prevailing parties for the purposes of awarding attorneys' fees.").

Not only does plaintiff need to be a prevailing party to be awarded attorneys' fees, but plaintiff also needs to show the court why the requested fees are reasonable. *See Puente Arizona v. Penzone*, WL 4805116, at *1 (D. Ariz. Oct. 25, 2017). To determine if the fees are reasonable, the court employs the lodestar method. *Id.* In assessing the lodestar figure of the fees requested, the court does so by weighing the *Kerr* factors listed as:

> 1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the

> amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). The hourly rate requested per hour is also "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

**III. Discussion**

Plaintiff Cruz's attorney was hired on a 40% contingency fee basis. (*See* Doc. 35-1 at 3, Contingency Agreement). As part of his request for fees, Cruz's attorney requests an hourly rate of $445.00. In sum, Cruz's attorney has spent 21.5 hours on this action. (Doc. 35 at 6). This equates to $9,567.50.00 incurred in attorneys' fees. (*Id.*) Cruz's attorney also seeks an additional $976.20 for out-of-pocket costs and $4,061.93 for potential collection efforts. (*Id.* at 6). The total amount of attorneys' fees sought is $14,605.63.

The Court finds that the hours billed and the hourly rate are presumptively reasonable in light of this District's precedent. *See Ubinger v. Urb. Housekeeping LLC*, 2024 WL 3045303, at *3 (D. Ariz. June 18, 2024) (finding that 24.2 hours worked at $445, for a total of $10,769.00 was presumptively reasonable). However, further analysis is required under the *Kerr* factors and then the Court will address Plaintiff's out-of-pocket costs and collection efforts.

**A. Reasonableness of the Requested Fees**

The Court finds that under each of the *Kerr* factors, the attorneys' fees are reasonable.

**1. Time and Labor**

Plaintiff represents that his counsel spent a total of 21.5 hours on this matter. (Doc.

35 at 7). While the Court finds no issue with counsel's use of tenth of an hour increments, the Court will nonetheless excise some entries from the total hours for being administrative or clerical in nature. "Attorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff." *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019). Administrative or clerical tasks include: (a) sending and receiving a representation agreement; (b) gathering documents to send to process server; and (c) filing notice that service was executed, to name a few. *See Avila v. JBL Cleaning LLC*, 2025 WL 755421, at *2 (D. Ariz. Mar. 10, 2025) (excising those delineated activities from counsel's total hours worked).

Some of counsel's activities that fall under the administrative or clerical area are:

- Send representation agreement (0.1)
- Receive signed agreement, create file (0.1)
- Sent complaint to client for review & signature (0.1)
- Receive signed Complaint, discuss with client (0.1)
- Finalize, file complaint (0.1)
- Compile documents, send to process server (0.3)
- Email thread with process server (0.1)
- Send Preliminary Order to process serve re service efforts (0.1)
- Email thread with process server re service notes (0.1)
- File service executed (0.1)
- Send FAC to client for signature (0.1)
- Finalize file status report (0.1)
- Finalize, file FAC (0.1)
- Finalize, file Notice of Filing FAC (0.1)
- Finalize, file Status Report (0.1)
- Compile FAC and summonses, send to process server (0.1)
- Email thread with process server re FAC (0.1)

- File service executed (0.1)
- Finalize, file motion for default judgment (0.1)
- Finalize, file motion for attorneys' fees and costs (0.1)

(*See* Doc. 35-4 at 2 – 4, Ex. D, Itemized List of Entries of Time). The Court will excise these entries as clerical and administrative in line with precedent from this District. *See Avila*, 2025 WL 755421, at *2; *see also Romero v. Synergy Restoration LLC*, 2025 WL 509259, at *3 (D. Ariz. Feb. 14, 2025) (excising substantially the same list of billed errors). This brings the total hours incurred to 19.3 total hours.

**2. Novelty and Difficulty of the Questions Involved**

Because this action resulted in default judgment, there were few—if any—novel or challenging questions incurred. Additionally, Plaintiff notes that the legal issues "were not novel in this jurisdiction . . . . [and t]his was a straightforward claim[.]" (Doc. 35 at 7.) This factor is accordingly neutral and does not result in any modification of the Lodestar amount. *See Ubinger*, 2024 WL 3045303, at *3 ("This case involved a straightforward claim that comes reasonably often before this Court. This factor is neutral.") (cleaned up).

**3. Skills Requisite to Perform the Legal Service Properly**

Plaintiff contends that while FLSA suits are "otherwise straightforward [in] nature," that the "legal issues raised by this . . . action were sophisticated and required extensive knowledge of the law." (Doc. 35 at 8.) The Court is unconvinced. Rather, "[t]he Court finds it takes a moderate amount of skill to litigate FLSA cases." *Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022).

**4. Preclusion of Other Employment**

Plaintiff states that counsel "was not significantly precluded from other work because of this representation." (Doc. 35 at 8.)

**5. Customary Fee**

Plaintiff asserts that the $445-an-hour fee is reasonable. (*Id.*) In light of the District of Arizona's precedent, the Court agrees. *See, e.g.*, *Romero*, 2025 WL 509259, at *3 ("Counsel asserts that his hourly rate of $445.00 is reasonable[.] The Court agrees.") (citing

*Romero v. Steel Roots LLC*, 2024 WL 2389353, at *2 (D. Ariz. May 23, 2024) ("The Court finds the prevailing rates for FLSA cases in the District of Arizona and Mr. Bendau's experience support the requested hourly rate. The Court finds the $445 hourly rate reasonable.")).

**6. Whether the fee is fixed or contingent**

Plaintiff notes that the representation agreement between Plaintiff and his counsel was on a contingency fee. (Doc. 35 at 10.) Additionally, Plaintiff asserts that because this was a contingency fee agreement, the Court may increase counsel's hourly rate. (*Id.*) "The Court acknowledges that agreeing to a contingency fee basis of representation supports the potential for a larger award of attorneys' fees." *Lemus v. Blackrock CM Inc.*, 2025 WL 460548, at *3 (D. Ariz. Feb. 11, 2025) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

**7. Time Limitation Imposed**

Plaintiff states that "[t]here was no time limitation imposed by either the client or the circumstances." (Doc. 35 at 10.) Accordingly, this factor is of minimal weight in reasonableness inquiry. *See Lemus*, 2025 WL 460548, at *3.

**8. The Amount Involved and Results Obtained**

Plaintiff's counsel claims that "he has obtained excellent results and has assisted Plaintiff in recovering well in excess of the total amount in unpaid wages that Defendants owed her." (Doc. 35 at 11.) "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). This factor, and the results received, "weighs in favor of awarding the full lodestar amount." *Ubinger*, 2024 WL 3045303, at *3.

**9. Experience, Reputation, and Ability of the Attorney**

Plaintiff's counsel asserts that he is an experienced attorney in FLSA suits. (*See* Doc. 35 at 11–12.) The Court acknowledges counsel's experience in FLSA matters.

. . . .

**10. The Undesirability of the Case**

Plaintiff's counsel asserts that this case was undesirable because of "the speculative amount of available fees, the opportunity cost of taking on a matter that did not result in payment, and the possibility of expending costs for filing and service that would have been lost in the event of non-recovery all contributed to the risk involved." (Doc. 35 at 12.) While the Court agrees that this case was undesirable, "this factor does not justify an adjustment to the lodestar amount." *Ubinger*, 2024 WL 3045303, at *3.

**11. The Nature and Length of the Professional Relationship with the Client**

Plaintiff notes that this is the only instance counsel has represented him. (*See* Doc. 35 at 12.) So, this factor is neutral. *See, e.g.*, *Ubinger*, 2024 WL 3045303, at *3 ("Mr. Bendau has never represented Plaintiff before this case. This factor is neutral.").

**12. Awards in Similar Cases**

Plaintiff asserts that the amount of attorneys' fees sought is reasonable. Considering this District of Arizona's precedent, the Court agrees. *See Id.* at *4 (granting $10,769.00 in attorneys' fees); *see also Delgado v. Fast Wireless LLC*, No. CV-24-00203-PHX-JAT, 2025 WL 40761, at *4 (D. Ariz. Jan. 7, 2025) (granting $8,588.50 in attorneys fees').

**13. Conclusion Based on Kerr Reasonableness Factors**

For the aforementioned reasons, the Court finds that Plaintiff's request attorneys' fees is reasonable with some modification. Based on a total of 19.3 hours at a rate of $445.00 an hour, the Court finds that Plaintiff's counsel should be awarded a total amount of $8,588.50.

**B. Out of Pocket Costs**

Plaintiff seeks $976.20[1] in out-of-pocket costs. (Doc. 35 at 6.) This includes $405 in fees of the Clerk and $572.20 in fees for service of summons and subpoena. (Doc. 36 at

[1] Plaintiff's Motion mistakenly states that Plaintiff seeks only $966.00 in out-of-pocket costs. (Doc. 35 at 13). But the itemized list in Exhibit D and the Bill of Costs reveal that Plaintiff's actual out-of-pocket costs were $976.20. (*See* Doc. 35-4 at 4, Itemized List of Entries Time; *see* also Doc. 36 at 1, Bill of Costs).

1, Bill of Costs.) These amounts are taxable costs, and accordingly, Plaintiff must comply with LRCiv. 54.1 to receive them. *See* LRCiv. 54.1(a), (e)(1). Seeing that Plaintiff filed a Bill of Costs within the 14-day deadline, the Court will grant Plaintiff's request for out-of-pocket costs in the total amount of $976.20.

**C. Prospective Collection Costs**

Plaintiff also seeks $4,061.93[2] "in anticipated fees and costs associated with collection. "(Doc. 35 at 16). This includes a $850 retainer, plus 25% of the recovery for collections efforts, which is estimated at $3,211.93 (*Id.*) In support of this request, Plaintiff files an exhibit with counsel's Client Representation Agreement on collections matters and a photocopy of a check paying the $850 retainer. (*See* Doc. 35-8, Ex. H, Representation Agreement; *see also* Doc. 35-9, Ex. 1, Photocopy of Check).

In support of the proposition that future collection costs should be awarded, Plaintiff cites to one case from this District. (Doc. 35 at 16). But this ignores the majority position that costs for future collection efforts are speculative and generally not granted. *See Romero*, 2025 WL 509259, at *5 ("The Court finds this request speculative because anticipated collection costs simply are not ripe for award."); *see also Steel Roots LLC*, 2024 WL 2389353, at *4 ("The Court recognizes Plaintiff may well need to pay the $650 retainer and 25% of the recovery for collection efforts, but these fees and costs are not ripe to recover before Plaintiff incurs them."); *Lemus*, 2025 WL 460548, at *4 ("Plaintiff seeks $3,201.06 in anticipated collection expenses[.] Plaintiff concedes that courts in this District frequently deny such requests[.] In fact, this Court has specifically denied such requests."); *Ubinger*, 2024 WL 3045303, at *4 ("But costs that Plaintiff has not yet incurred, and may never incur, still qualify as 'speculative.' "). Therefore, the Court will deny Plaintiff's request for $4,061.93 in future collection costs.

In total, for a sum of 19.3 hours at $445.00 an hour, the Court will award Plaintiff $8,588.50 in attorneys' fees for the amount of time counsel expended on this matter and an

---

[2] Plaintiff, in another part of the Motion asks for $3,648.78 "to cover anticipated costs of collecting on the anticipated forthcoming judgment." (Doc. 35 at 13). But then mentions $4,061.93 three times in asking for future collection costs. (*Id.* at 14 & 16).

additional $976.20 for out-of-pocket costs. No anticipated collection costs will be awarded at this time.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Doc. 35) against all Defendants is **granted in part and denied in part.** Plaintiff will be awarded a total of $8,588.50 in attorneys' fees and an additional $976.20 in out-of-pocket costs bringing the sum awarded to $9,564.70 against all Defendants. No anticipated collection costs are awarded.

Dated this 31st day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge